CHARLES A. NIGH AND JOAN NIGH, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Nigh v. Commissioner
Docket Nos. 12424-88, 12437-88, 12438-88, 12441-88, 12541-88
United States Tax Court
T.C. Memo 1991-291; 1991 Tax Ct. Memo LEXIS 337; 62 T.C.M. (CCH) 30; T.C.M. (RIA) 91291; July 1, 1991, Filed *337 An order denying respondent's motion for reconsideration will be issued. Charles M. Lock, for the petitioners. Robert J. Burbank, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM OPINION On July 10, 1990, the Court issued its Memorandum Findings of Fact and Opinion in this case. See . On August 9, 1990, respondent filed a Motion for Reconsideration of Opinion accompanied by a Memorandum in Support of Motion for Reconsideration of Opinion. On September 19, 1990, petitioners filed a Notice of Objection to Respondent's Motion for Reconsideration of Opinion. We begin by noting that the granting of a motion for reconsideration rests within the discretion of the Court and will not be granted unless unusual circumstances or substantial error is shown. See ; ; , affd. on this issue . It is the policy of this Court to try all the issues raised *338 in a case in one proceeding to avoid piecemeal and protracted litigation. Motions for reconsideration are usually denied where the moving party seeks to present theories or grounds which could have been advanced and supported at the earlier trial. See , affg. a Memorandum Opinion of this Court; , affg. . The above-captioned cases were consolidated for trial, briefing, and opinion. Docket Nos. 12424-88, 12437-88, 12438-88, and 12441-88 involved notices of deficiency issued to the shareholders of Southwest Barge Company (Southwest) for the years 1980, 1981, and 1982. Docket No. 12541-88, which is the subject of respondent's motion, involved a Notice of Final Subchapter S Corporation Administrative Adjustment (FSAA) pertaining to Southwest for the years 1983 and 1984. The primary issue framed by the FSAA, placed in dispute by the pleadings and which was the subject matter for this Court to decide, was whether Southwest's election under section 1372 [2] was *339 terminated in 1980 due to its failure to meet the requirement of section 1372(e)(5) regarding passive investment income. On this issue, we held for petitioners that Southwest's subchapter S election was not terminated. In the alternative, respondent argued that the shareholders' bases in Southwest did not include the amount of certain loans. We held, among other things, that we were without jurisdiction to determine the shareholders' bases in Southwest in 1984. The matter presently before us concerns respondent's motion for reconsideration. Throughout this litigation, respondent has contended that certain loan proceeds should not be included in the shareholders' bases in Southwest, as the loans represent corporate indebtedness. The 1979 and 1980 loans from Hampton Metro Bank were evidenced by notes signed by the shareholders and Southwest as co-makers, and the 1984 loan from Centerre Bank was *340 evidenced by a note signed only by the shareholders. It is undisputed that the loan proceeds were used by Southwest to purchase barges and that the barges were collateral on all of the loans. In , we found that the shareholders' bases in Southwest did not include loan proceeds from Hampton Metro Bank in 1979 and 1980 for purposes of section 1374. We cited (Court reviewed), affd. , for the proposition that a shareholder's status as co-maker of a loan to a subchapter S corporation is not to be treated as an equity investment in the corporation absent an economic outlay by the shareholder. We did not consider the issue of the shareholders' bases in Southwest for 1984 because our jurisdiction for that year extended only to subchapter S items. Sec. 6241; . In his motion for reconsideration, respondent agrees that this Court has no jurisdiction over the shareholders' bases in Southwest for 1984; however, he now argues that the Court does *341 have jurisdiction in this case to determine the "nature" and "character" of the 1984 loan transaction, as such determinations are subchapter S items. Under the temporary regulations, corporate liabilities, including a determination of the amount of the liability and whether the liability is to a shareholder, are subchapter S items. Also, items relating to contributions to the corporation and the character of the amount received by the corporation are subchapter S items. Sec. 301.6245-1T(a)(1)(v), (a)(5), and (c)(2), Temporary Proced. & Admin. Regs., (Jan. 30, 1987). Accordingly, respondent contends that the nature and character of the loan from Centerre Bank in 1984 (i.e., whether the proceeds from Centerre Bank represent corporate indebtedness, a loan from shareholders, capital stock or paid-in capital) are subchapter S items over which we have jurisdiction. We do not lose jurisdiction over these subchapter S items merely because a determination of them will affect the shareholders' bases. In , this Court held that the amount of an individual shareholder's basis in a subchapter S corporation *342 is not a subchapter S item that can be decided in a proceeding at the corporate level pursuant to section 6241 et seq. In , we said that: in many situations, a shareholder's basis in the corporation will be controlled by items such as corporate distributions and shareholder contributions and loans to the corporation, all of which are subchapter S items. It may be true that shareholder basis will often be determinable once the subchapter S items have been decided. On the other hand, it is clear that the amount of a shareholder's basis in an S corporation cannot always be determined by simply looking at subchapter S items. [Emphasis added.]
A determination of shareholder's basis may require additional factual determinations to be made at the shareholder level and thus cannot be determined in an S corporation proceeding. In spite of respondent's claim that a determination of Southwest's liability is a subchapter S item over which we have jurisdiction, the question presented to us for decision is whether the shareholders' bases in Southwest in 1984 included loan proceeds from Centerre Bank. We lack jurisdiction *343 to decide the shareholders' bases in Southwest in a corporate level proceeding. Finally, we note that the explanation of the adjustment, as framed in respondent's FSAA, was that losses claimed in 1983 and 1984 were disallowed because Southwest's election to be taxed as a small business corporation was terminated. The issue of whether Southwest was the correct obligor of a loan from Centerre Bank in 1984 was not raised in the FSAA, in petitioner's petition, or in respondent's answer. Respondent has at no time amended his pleadings to include it. On numerous occasions this Court has held that we will not, and cannot, consider issues which have not been pleaded. . Although the parties discussed at trial and in their briefs the loan from Centerre Bank in 1984, this discussion was solely to decide the shareholders' bases in Southwest and not for the purpose of determining the amount or character of Southwest's corporate liability. The trial clearly proceeded upon the theory that the shareholders could not include loan proceeds from Centerre Bank in 1984 in their respective bases in Southwest. Respondent's current assertion *344 that the loan from Centerre Bank is a subchapter S item was never addressed as an issue to be resolved by this Court. Our inherent authority is to decide cases upon issues properly before us. We are unable to grant a motion for reconsideration merely because a party failed to identify the issues necessary to carry its case. See , affd. sub nom. . An order denying respondent's motion for reconsideration will be issued. Footnotes
1. Cases of the following petitioners are consolidated herewith: John T. Dolan, Jr., and Donna P. Dolan, docket No. 12437-88; Hebri S. Ballal and Mallika Ballal, docket No. 12438-88; William M. Fogarty and Joanne D. Fogarty, docket No. 12441-88; and Southwest Barge Company, Hebri S. Ballal, Tax Matters Person, docket No. 12541-88.↩
2. Unless otherwise noted, all section references are to the Internal Revenue Code as in effect for the years in issue.↩